# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| BRENT W. MYERS, </br>    ID # 1513909, </br>       Plaintiff, | ) </br> ) </br> ) | |
| vs. | ) | No. 3:10-CV-2537-K-BH |
| | ) | |
| JOHN T. NASH, et al., </br>       Defendants. | ) </br> ) | **Referred for Pretrial Management** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management.

## I. BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983 against Dallas Police Officer John T. Nash, an unnamed ambulance medic, and an unnamed jail intake nurse. He claims that Officer Nash punched him in the eye during an arrest on March 8, 2008, injuring his cornea and causing a partial loss of vision. The ambulance medic and nurse then failed to treat his injury after he informed them about it. (Compl. at 1, 3, 5-7; Magistrate Judge's Questionnaire Answers ("MJQ Ans.") at 2-4).

## II. PRELIMINARY SCREENING

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks

monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III.  STATUTE OF LIMITATIONS

Plaintiff has filed this action under to 42 U.S.C. § 1983. That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.*

Plaintiff bases his complaint on acts that occurred on March 8, 2008, but he filed this case on November 4, 2010.[1] "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to 28 U.S.C. § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord*, *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006). Courts "may raise the defense of limitations *sua sponte*." *Stanley*, 464 F.3d at 568 (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). Federal courts look to the law of the forum state to determine the length of the

---

[1] Under the prison mailbox rule, a § 1983 action is deemed filed when the prisoner delivers the pleadings to prison authorities for mailing to the court. *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir.1995). Plaintiff's complaint is dated November 4, 2010, but it was not received until December 10, 2010. The Court assumes, without deciding, for purposes of screening that the complaint was delivered to prison authorities for mailing on the same date it was signed.

2

statute of limitations applicable in § 1983 cases. *Wallace v. Kato*, 549 U.S. 384, 387 (2007).

"The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims, and Plaintiff therefore had two years from the date that his § 1983 claims accrued to file suit. *Id.*; *accord Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

While state law determines the length of the § 1983 limitations period, federal law determines the accrual date. *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). In general, a claim accrues "when the plaintiff has "a complete and present cause of action" or, stated differently, "when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (citations omitted); *accord*, *Walker*, 550 F.3d at 414.

Plaintiff's complaint shows that he knew the factual basis for his claims on March 8, 2008, the day Officer Nash allegedly punched him in the eye and the other defendants allegedly refused to treat his injury. His claims therefore accrued on that date. Because he did not file suit until more than two years later, his § 1983 claims against all three defendants are time-barred.

## IV. TOLLING

Plaintiff contends that the statute of limitations should be equitably tolled because he

previously filed a complaint against the same three defendants raising the same claims within the two-year limitations period, but that complaint was dismissed without prejudice because he did not identify any defendant. He argues that because he has now identified the main defendant as John Nash, the statute of limitations should be equitably tolled. (MJQ Ans. at 6).

The applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Id.* "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *See FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted). The Fifth Circuit has stated that "[t]he doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 19956). Federal law requires that litigants diligently pursue their actions before equitable tolling becomes available, however. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)("equity is not intended for those who sleep on their rights").

Here, Plaintiff's first complaint was signed on March 3, 2010, and was received by the court on March 10, 2010. *See Myers v. Doe*, 3:10-cv-0493-P (N.D. Tex.) (doc. 1). On March 15, 2010, he was mailed a questionnaire seeking information to sufficiently identify the defendants. (*Id.*, doc. 6). In response, Plaintiff only identified the defendants by sex, race, and approximate height and weight. (*Id.*, doc. 8). The case was dismissed on June 7, 2010, because he did not identify the defendants with enough specificity to enable any service of process. (*Id.*, doc. 16). Because he did

4

not file his first suit until five days before the limitations period expired, Plaintiff has not shown that he has diligently pursued his claims against the defendants such that equitable tolling is warranted in this second case. *See Gaia v. Smith*, 2011 WL 96578, *4 (S.D. Tex. Jan. 11, 2011) (finding no entitlement to equitable tolling where defendants were added to suit after limitations had expired because suit was filed two months before limitations period ran and plaintiff did not begin discovery to determine defendants' identities until after limitations expired); *Nazerzadeh v. Harris County*, 2010 WL 3817849, slip. op. at *36 (S.D. Tex. Sept. 27, 2010) (finding no entitlement to equitable tolling as to "John Doe" officers where suit was filed on last day of limitations period, too late to permit discovery into their identities before limitations ran); *compare Green v. Doe*, 260 Fed. App'x 717, *3, 2007 WL 4561113, slip op. at *2 (5th Cir. Dec. 28, 2007) (finding entitlement to equitable tolling in context of motion to amend complaint to name defendant after limitations had run where suit was filed eleven months before limitations expired and repeated denials of plaintiff's discovery motions had prevented him from timely determining the identity of the defendant).

## V. RECOMMENDATION

Plaintiff's action should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) based on his failure to file it within the statutory period of limitations. This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

---

[2] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**SIGNED this 28th day of April, 2011.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE